IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| e-LYNXX CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:10-cv-299 |
| vs. | § | |
| | § | **JURY TRIAL DEMANDED** |
| INNERWORKINGS, INC., RENT-A- | § | |
| CENTER, INC., TAYLOR | § | |
| CORPORATION, DR. PEPPER SNAPPLE | § | |
| GROUP, INC., STAPLES, INC., | § | |
| WORKFLOW SOLUTIONS LLC d/b/a | § | |
| WORKFLOWONE, INC., and R.R. | § | |
| DONNELLEY & SONS COMPANY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff e-LYNXX CORPORATION ("Plaintiff") files this Amended Complaint against

Defendants INNERWORKINGS, INC., RENT-A-CENTER, INC., TAYLOR CORPORATION,

DR. PEPPER SNAPPLE GROUP, INC., STAPLES, INC., WORKFLOW SOLUTIONS LLC

d/b/a WORKFLOWONE, INC., and R.R. DONNELLEY & SONS COMPANY (collectively

"Defendants"), and would respectfully show the Court as follows:

## I.       THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania, with its principal offices in Chambersburg, Pennsylvania.

2.      Upon information and belief, Defendant INNERWORKINGS, INC.

("InnerWorkings") is a Delaware corporation with a principal place of business in Chicago,

Illinois.  InnerWorkings may be served with process through its registered agent, CT Corporation

System, 208 South LaSalle St., Suite 814, Chicago, Illinois  60604.

3.      Upon information and belief, Defendant RENT-A-CENTER, INC. ("Rent-A-Center") is a Texas corporation with a principal place of business in Plano, Texas.  Rent-A-Center may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

4.      Upon information and belief, Defendant TAYLOR CORPORATION ("Taylor") is a Minnesota corporation with a principal place of business in North Mankato, MN.  Taylor may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

5.      Upon information and belief, Defendant DR. PEPPER SNAPPLE GROUP, INC. ("Dr. Pepper/Snapple") is a Texas corporation with a principal place of business in Plano, Texas.  Dr. Pepper may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

6.      Upon information and belief, Defendant STAPLES, INC. ("Staples") is a Delaware corporation with a principal place of business in Framingham, MA.  Staples may be served with process through its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, MA  02110.

7.      Upon information and belief, Defendant WORKFLOW SOLUTIONS LLC d/b/a WORKFLOWONE, INC. ("WorkflowOne") is a Delaware corporation with a principal place of business in Dayton, Ohio.  WorkflowOne may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas  78701-3218.

8.      Upon information and belief, Defendant R.R. DONNELLEY & SONS COMPANY ("Donnelley") is a Delaware corporation with a principal place of business in

Chicago, Illinois.  Donnelley may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

## II.   JURISDICTION AND VENUE

9.      This is an action for infringement of two United States patents under 35 U.S.C. § 271 and § 281.  This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the Defendants have committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District of Texas.

11.     Upon information and belief, each and all of the Defendants have sufficient minimum contacts with the State of Texas and the Marshall Division of the Eastern District of Texas such that this Court has personal jurisdiction over each and of the Defendants and this is a fair and reasonable venue for the litigation of this action.  Each of the Defendants has committed such purposeful acts and/or transactions in Texas that it reasonably should know and expect that it could be sued in this Court as a consequence of such activity.  Upon information and belief, each and all of the Defendants have transacted business, and at the time of the filing of this Complaint are transacting business, within the Marshall Division of the Eastern District of Texas.  For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   PATENT INFRINGEMENT

12.     On November 11, 2008, United States Patent No. 7,451,106 B1 ("the '106 Patent") was duly and legally issued.  The '106 Patent is titled "System and Method for Competitive Pricing and Procurement of Customized Goods and Services" and discloses an apparatus and method for creating a database representing pools of vendors of customized goods and services for one or more subscribing buyers, and for selecting the lowest bidder from the

database's represented vendor pool on a per-job basis.  A true and correct copy of the '106 Patent is attached hereto as Exhibit "A" and incorporated herein by reference.  More particularly, the '106 Patent: (i) creates and maintains a database representing a vendor base or pool for each subscribing buyer of customized goods and services, the database further representing capabilities of said vendors, (ii) receives solicitation data containing production specifications and related contracting terms and vendor qualification criteria from buyers, (iii) extracts vendor qualification criteria data from said solicitation data, and (iv) transmits invitations to bid on said solicitations to qualified ones of said vendors, based on said vendor qualification criteria data.

13.     Plaintiff is the owner of all right, title and interest in and to the '106 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '106 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '106 Patent by these Defendants.

14.     On August 31, 2010, United States Patent No. 7,788,143 B2 ("the '143 Patent") was duly and legally issued.  The '143 Patent is titled "System and Method for Competitive Pricing and Procurement of Customized Goods and Services" and discloses an apparatus and method for selecting a lowest bidding vendor by sending invitation-for-bids to selected vendors for customized goods and services, and sending and receiving bids for customized goods and services.  A true and correct copy of the '143 Patent is attached hereto as Exhibit "B" and incorporated herein by reference.  More particularly, like the '106 Patent, the '143 Patent (i) creates and maintains a database representing a vendor base or pool for each subscribing buyer of customized goods and services, the database further representing capabilities of said vendors, (ii) receives solicitations containing production specifications and related contracting terms and vendor qualification criteria from buyers, (iii) compares the vendor records to the data in the

solicitations to identify qualified vendors, (iv) transmits invitations to bid on said solicitations to the qualified vendors, based on the vendor qualification criteria, and (v) outputs at least one bid response to the buyer.

15.     Plaintiff is the owner of all right, title and interest in and to the '143 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '143 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '143 Patent by these Defendants.

16.     Upon information and belief, each and all of the Defendants have manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of both the '106 Patent and the '143 Patent, and therefore each and all of the Defendants have infringed one or more claims of the '106 and '143 Patents; and/or have induced and/or contributed to the infringement of one or more of the claims of the '106 and '143 Patents by others.

17.     Each Defendant's infringing conduct is based, at least in part, on such Defendant's making, using, distributing, and/or selling or offering for sale, a system and/or method for competitive pricing and procurement of customized goods and services in a manner disclosed and protected against infringement by one or more claims of the '106 and '143 Patents.

18.     More specifically, on information and belief, Defendant InnerWorkings, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the PPM4 system infringes one or more claims of the '106 and '143 Patents.

19.     More specifically, on information and belief, Defendant Rent-A-Center, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the PPM4 system infringes one or more claims of the '106 and '143 Patents.

20.     More specifically, on information and belief, Defendant Taylor, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the NowSource system infringes one or more claims of the '106 and '143 Patents.

21.     More specifically, on information and belief, Defendant Dr. Pepper/Snapple, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the Noosh system infringes one or more claims of the '106 and '143 Patents.

22.     More specifically, on information and belief, Defendant Staples, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the NowSource system infringes one or more claims of the '106 and '143 Patents.

23.     More specifically, on information and belief, Defendant WorkflowOne, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the Noosh system infringes one or more claims of the '106 and '143 Patents.

24.     More specifically, on information and belief, Defendant Donnelley, without authority, consent, right, or license, and in direct infringement of the '106 and '143 Patents, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '106 and '143 Patents. By way of example only, the Global Document Solutions system infringes one or more claims of the '106 and '143 Patents.

25.     Plaintiff has been damaged as a result of each and all of the Defendants' infringing conduct.  Each of the Defendants is thus liable to Plaintiff for damages in an amount that adequately compensates for such Defendant's infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26.     Upon information and belief, each and all of the Defendants will continue their infringement of one or more claims of the '106 and '143 Patents unless enjoined by the Court. Each and all of the Defendants' infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.     JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against

Defendants, and that the Court grant Plaintiff the following relief:

a.      Judgment that one or more claims of United States Patent Nos. 7,451,106 and 7,788,143 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.      Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c.      That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.      That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.      That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent Nos. 7,451,106 and 7,788,143; and

g.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  September 13, 2010..

Respectfully submitted,


_/s/ Mark D. Strachan_
Mark D. Strachan
State Bar No. 19351500
Darren P. Nicholson
State Bar No. 24032789
**SAYLES │ WERBNER, P.C.**
1201 Elm Street, Suite 4400
Dallas, Texas  75270
(214) 939-8700 – Telephone
(214) 939-8787 – Facsimile

Jonathan T. Suder
State Bar No. 19463350
**FRIEDMAN, SUDER & COOKE, P.C.**
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400 – Telephone
(817) 334-0401 – Facsimile

**ATTORNEYS FOR
E-LYNXX CORPORATION**